JOHN L. BURRIS  (SBN# 69888)
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Road, Suite 1120
OAKLAND, California  94621
Telephone: (510) 839-5200

JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK  (SBN# 114968)
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, CA.  94705
Telephone: (510) 848-4752, Ext. 2


Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA McGILL, individually and in her capacity as successor of Terrance Mearis; WILBURT ANTHONY FIELDS, individually and in his capacity as successor of Terrance Mearis; BARBARA STRONG;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; RICHARD WORD, individually and as Chief of the City of OAKLAND Police Department; RYAN GILL and RICHARD VASS, individually and in their capacities as Police Officers for the City of OAKLAND; DOES 1-100, inclusive,<br>                    Defendants. | CASE NO. _____<br><br>COMPLAINT FOR DAMAGES (42 U.S.C. Sections 1983, 1985-86)<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

COMPLAINT                         1

JURISDICTION

1.   This action arises under 42 U.S.C. Sections 1983, 1985-1986.  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

INTRADISTRICT ASSIGNMENT

2.   The claims alleged herein arose in the City of OAKLAND, State of California.  Therefore, venue and assignment lies in the United States District Court for the Northern District of California, OAKLAND or San Francisco Divisions.  28 U.S.C. Section 1391(b)(2).

PARTIES

3.   Plaintiffs, YOLANDA McGILL and WILBURT ANTHONY FIELDS (hereinafter, Plaintiffs), are the parents of the Decedent, Terrance Mearis (hereinafter, Decedent).  The Decedent was shot to death by Defendants RYAN GILL, RICHARD VASS and/or DOES 1-100 and/or each of them on or about October 5, 2003.  Plaintiffs are persons with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.  Plaintiffs also bring this action for the violation of their constitutional rights under 42 U.S.C. Section 1983.

4.   Plaintiff, BARBARA STRONG, is an African American female and was the lessee of the rental premises where the subject incident occurred at or about 9227 C Street, Oakland, California and had an expectation of privacy in said premises.

5.   Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

6.   Defendant RICHARD WORD (hereinafter Defendant WORD) was, at all times mentioned herein, the Chief of Police for the CITY OF OAKLAND Police Department and was the policy-maker for the CITY OF OAKLAND on the issues alleged herein relating to the CITY OF OAKLAND Police Department and/or its customs, policies, patterns and/or practices relating to the CITY OF OAKLAND Police Department.  Defendant Word is sued herein in his individual and official capacities.

7.   Defendant RYAN GILL (hereinafter Defendant GILL) was at all times herein mentioned, a police officer for the CITY OF OAKLAND and is sued herein in his individual and official capacities.

8.   Defendant RICHARD VASS (hereinafter Defendant VASS) was at all times herein mentioned, a police officer for the CITY OF OAKLAND and is sued herein in his individual and official capacities.

9.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery,

COMPLAINT                         3

violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

10.   In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

11.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12.   In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

<u>STATEMENT OF FACTS</u>

13.   On or about October 5, 2003, the Decedent, Terrance Mearis, was asleep in a second floor apartment located at or about 9227 C Street, Oakland, California (hereinafter, the subject premises).   The Decedent was a twenty (20) year old African American male. The Decedent had not committed any crime and there was no reasonable or probable cause to believe that he had.

14.   Plaintiff, BARBARA STRONG, was the lessee of the

COMPLAINT                              4

subject premises and had a reasonable expectation of privacy in said premises. Plaintiff STRONG did not consent to the entry into the subject premises by law enforcement and is informed and believes and thereon alleges that there was no warrant or other legal justification for any entry into the subject premises by law enforcement at the time of this incident.

15. Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants GILL, VASS and/or DOES 1-100 and/or each of them, individually and/or while acting in concert with one another, entered the subject premises where Mr. Mearis was sleeping without a warrant, without the consent of the residents of the apartment, without the consent of Plaintiff STRONG, without exigent circumstances and without reasonable or probable cause to believe that any crime was being committed within the premises.

16. Plaintiffs are further informed and believe and thereon allege that after entering into the apartment, Defendants GILL, VASS and/or DOES 1-100 and/or each of them, searched the subject premises, damaged property at the premises, went to the bedroom where the Decedent was sleeping, woke him up and subjected him to excessive and unnecessary force.

17. During this time, Plaintiffs are informed and believe and thereon allege that the Decedent repeatedly asked Defendants GILL, VASS and/or DOES 1-100 and/or each of them, what he had done and why the officers were taking this action against him. Plaintiffs are informed and believe and thereon allege that the officers did not provide any explanation for their actions to

the Decedent.

18.   Despite the fact that Mr. Mearis had been asleep, was not armed and there was no reasonable or probable cause to believe that he committed any crime, Plaintiffs are informed and believe and thereon allege that Defendants GILL, VASS and/or DOES 1-100 subjected Mr. Mearis to excessive force, including excessive deadly force, which resulted in Mr. Mearis' death.

19.   Plaintiffs are further informed and believe and thereon allege that the use of force, including the use of deadly force, by Defendants GILL, VASS and/or DOES 1-100 and/or each of them, caused the violation of Mr. Mearis' rights and the rights of Plaintiffs McGILL and FIELDS under the United States and California Constitutions.

20.   Plaintiffs are further informed and believe and thereon allege that the warrantless entry into the subject premises violated the right of Plaintiff STRONG to be free from unreasonable searches and seizures, violated her expectation of privacy within her home and that Defendants GILL, VASS and/or DOES 1-100 and/or each of them, damaged or destroyed Plaintiff's STRONG's property during the incident.

21.   Plaintiffs are further informed and believe and thereon allege that they and/or the Decedent suffered the violation of their/his constitutional rights as a result of customs, policies, or practices of Defendants CITY OF OAKLAND, WORD and/or DOES 1-100, and/or each of them, individually and/or while acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged,

ratified, authorized or condoned the use of excessive force which foreseeably resulted in the violation of the rights of the Decedent and/or Plaintiffs; customs, policies and/or practices of inadequate and/or inappropriate training in the use of deadly force and/or in handling situations such as occurred in this case; customs, policies and/or practices of conducting searches and/or seizures in violation of the United States and California Constitutions; customs, policies and/or practices of inadequate and/or inappropriate supervision, control and/or discipline with respect to the use of force; customs, policies and/or practices of subjecting African Americans in Oakland to unnecessary and excessive force, false arrests, unreasonable searches and/or seizures and/or disparate treatment because of their race, gender and/or age, and/or other customs, policies and practices that caused and/or contributed to the cause of the violation of the constitutional rights and/or other wrongful conduct that occurred in this case subject to continuing discovery.

22.  Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, tacitly or directly ratified, approved and/or condoned the shooting of the Decedent and/or of the violation of the Plaintiffs' constitutional rights and/or failed to take any or appropriate remedial action in response to this incident despite the serious nature of the incident and the loss of life that occurred.

23.  Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants WORD, GILL,

COMPLAINT                            7

VASS and/or DOES 1-100 and/or each of them, was or may have been intentional, malicious, oppressive and/or done with a conscious or callous disregard for the safety and/or constitutional rights of the Decedent and/or Plaintiffs which may thereby justify an award of punitive or exemplary damages in amounts to be determined according to proof.

**CLAIMS FOR RELIEF**

<u>FIRST CLAIM FOR RELIEF</u>

(42 U.S.C. SECTION 1983)
(PLAINTIFFS McGILL AND FIELDS AS SUCCESSORS
OF DECEDENT TERRANCE MEARIS
AGAINST DEFENDANTS GILL, VASS and/or DOES 1-100)

24.  Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 23.

25.  In doing the acts complained of herein, Defendants GILL, VASS and/or DOES 1-100 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the Decedent Terrance Mearis of certain constitutionally protected rights, including, but not limited to, the right not to be deprived of life or liberty without Due Process of Law; the right to be free from unreasonable searches and/or seizures; the right to continued familial relationship, association, comfort, society and affection of his parents; the right to be free from discrimination based on race, age and/or gender; and/or the right to Equal Protection of the Law.

26.  Said rights are substantive guarantees under the First, Fourth and/or Fourteenth Amendments to the United States

COMPLAINT                                    8

Constitution.

27.   As a result of the violation of the Decedent's constitutional rights as alleged herein, Decedent suffered injuries and damages, including, but not limited to, pain, suffering, emotional distress; loss of the enjoyment of life; special damages, including, but not limited to, future income and wage loss; funeral and burial expenses; interference with her right of society, comfort and affection with the Plaintiffs and other general and special damages to be determined according to proof.

28.   The acts and/or omissions of Defendants GILL, VASS and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs.   Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

29.   Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>SECOND CLAIM FOR RELIEF</u>

(42 U.S.C. SECTION 1983)
(PLAINTIFFS McGILL AND FIELDS INDIVIDUALLY AGAINST
DEFENDANTS GILL, VASS AND/OR DOES 1-100)

30.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 29.

COMPLAINT                                        9

31.   In doing the acts complained of herein, Defendants GILL, VASS and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the Decedent as guaranteed by the First and/or Fourteenth Amendments to the United States Constitution.

32.   As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support, companionship and familial association of the Decedent, pain, suffering and emotional distress, funeral and burial expenses, loss of income and/or support, in amounts to be determined according to proof.

33.   The acts and/or omissions of Defendants GILL, VASS and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the Decedent and/or Plaintiffs.   Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

34.   Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(PLAINTIFF STRONG AGAINST
DEFENDANTS GILL, VASS AND/OR DOES 1-100)

35.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 34.

36.   In doing the acts complained of herein, Defendants GILL, VASS and/or DOES 1-100, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiff STRONG, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to be free from unreasonable searches and seizures, the right of privacy and/or the right to Equal Protection of the Law in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

37.   As a result of the violation of Plaintiff STRONG'S constitutional rights as alleged herein, Plaintiff STRONG suffered and will continue to suffer in the future, injuries and damages, including, but not limited to, pain, suffering, emotional distress, and/or property damage in amounts to be determined according to proof.

38.   The acts and/or omissions of Defendants GILL, VASS and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of Plaintiff STRONG.

Therefore, Plaintiff STRONG prays for an award of punitive damages in amounts to be determined according to proof.

39.   Plaintiff STRONG is also entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiff STRONG prays for relief as hereinafter set forth.

<u>FOURTH CLAIM FOR RELIEF</u>

(42 U.S.C. SECTION 1983)
(AGAINST CITY OF OAKLAND, WORD AND/OR DOES 1-100)

40.   Plaintiffs incorporate by reference and re-alleges herein Paragraphs 1 through 39.

41.   As against Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 the Plaintiffs, and each of them, allege that the violation of the constitutional rights of the Plaintiffs and/or Decedent as alleged heretofore were caused as a result of customs, policies and/or practices of Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them.

42.   Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, were on actual notice of customs, policies, patterns and practices by members of the CITY OF OAKLAND Police Department, including, but not limited to, officers assigned to certain "crime reduction" teams, to subject citizens to unreasonable searches and seizures, the use of excessive force and other improper police tactics because of their race, gender and/or

age in Oakland neighborhoods, particularly in East and West Oakland.

43.  Plaintiffs are further informed and believe and thereon allege that despite said notice, Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, failed to take any or appropriate remedial action to prevent ongoing violations of the rights of citizens by members of its police department, including, but not limited to, unreasonable searches and seizures, disparate treatment based on age, race and/or gender, excessive force and/or other such violations.

44.  Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, knew and/or reasonably should have known, that Defendants GILL, VASS and/or DOES 1-100 and/or each of them, had engaged in prior acts of misconduct, including, but not limited to, the use of excessive or unreasonable force, unreasonable searches and/or seizures, disparate treatment of citizens based on race, age and/or gender, and/or other acts and/or omissions.  Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, failed to take any or appropriate remedial action prior to the subject incident.

45.  Plaintiffs are further informed and believe and thereon allege that Defendant WORD and/or DOES 1-100 and/or each of them, while acting as the policy-maker(s) for the CITY OF OAKLAND with respect to the CITY OF OAKLAND POLICE

COMPLAINT                    13

DEPARTMENT ratified, approved and/or condoned the violation of the constitutional rights of the Defendants and/or Plaintiffs as alleged herein.

46. As a result of the aforesaid customs, policies, practices and/or ratification of constitutional violation as alleged herein by Defendants CITY OF OAKLAND, WORD and/or DOES 1-100 and/or each of them, Plaintiffs and/or Decedent suffered the violation of their constitutional rights, including, but not limited to, the right to the right of Plaintiffs McGILL, FIELDS and Decedent to the continued familial association, society, comfort, affection, support and companionship between Plaintiffs and Decedent, the right to be free from unreasonable searches and seizures, the right to privacy and personal security, the right not to be deprived of life or liberty without Due Process of Law and/or the Right to Equal Protection of the Law which are guaranteed by the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

43. In doing the acts complained of herein, Defendants CITY OF OAKLAND, WORD and/or DOES 1-100, acted under color of state law to cause Plaintiffs to suffer violates of their constitutional rights as herein alleged, in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

44. As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages, including general and special damages as more

COMPLAINT                                          14

particularly described hereinabove and hereinbelow.

45. Plaintiffs are informed and believe and thereon allege that said acts and/or omissions of Defendants WORD and/or DOES 1-100 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

46. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

(42 U.S.C. §§1985-86)

(AGAINST DEFENDANTS CITY OF OAKLAND, WORD, GILL, VASS, DOES 1-100)

47. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 46.

48. In doing the acts and/or omissions alleged herein, Defendants GILL, VASS, DOES 1-100, and/or each of them, individually, while acting in concert with one another and/or by failing to intervene, conspired for the purpose of depriving Plaintiffs, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities

under the laws as alleged in this Complaint in violation of 42
U.S.C. §1985.

49. As a result of said conspiracy and/or
conspiracies by Defendants GILL, VASS, DOES 1-100, and/or each
of them, individually, while acting in concert with one another
and/or by failing to intervene, Plaintiffs and/or each of
them, are entitled to recover damages in amounts to be
determined according to proof.

50. Plaintiffs are further informed and believe and
thereon allege that Defendants CITY OF OAKLAND, WORD, DOES 1-
100, and/or each of them, had the power to stop and/or aid in
preventing the conspiracy and/or conspiracies by said other
Defendants, and/or each of them, as alleged herein, but instead
maintained customs, policies, and/or practices which
encouraged, authorized, condoned, ratified, failed to prevent
and/or failed to aid in the prevention of the wrongs conspired
to be done by said other Defendants and/or each of them,
alleged herein.

51. As a result of said customs, policies and/or
practices, Defendants CITY OF OAKLAND, WORD, DOES 1-100, and/or
each of them, are liable under 42 U.S.C. §1986 for their
failure to stop and/or failure to prevent the wrongs conspired
to be done by said other defendants and/or each of them as
alleged herein.

52. Plaintiffs are further informed and believe and
thereon allege that high ranking CITY OF OAKLAND officials,
including, but not limited to high ranking CITY OF OAKLAND

COMPLAINT                    16

Police Department supervisors, including Defendant WORD and/or DOES 1-100, and each of them, knew and/or reasonably should have known of the wrongs conspired to be done by said other Defendants and/or each of them, had the power to prevent or aid in preventing the commission of the same, and neglected and/or refused to do so in violation of 42 U.S.C. §1986.

53.   As a result of the failure and/or refusal of Defendant WORD and/or DOES 1-100, and each of them, to prevent or aid in preventing the commission of the conspiracy and/or conspiracies by said other Defendants and/or each of them, Plaintiffs are entitled to recover damages in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

<u>STATEMENT OF DAMAGES</u>

54.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 53.

55.   As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs McGILL and FIELDS, as successors in interest to Decedent Terrance Mearis, are entitled to recover the damages and injuries sustained by the Decedent, including, but not limited to:

a.   General damages, including, but not limited to, damages for pain, suffering, emotional distress, loss of enjoyment of life, loss of the familial relationship, comfort, society, affection and support of the Plaintiffs in amounts to

COMPLAINT                            17

be determined according to proof;

      b. Special damages, including, but not limited to, damages for future income and lost wages; burial and funeral expenses and/or related expenses in amounts to be determined according to proof.

      56. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs McGILL and FIELDS also incurred damages and injuries including, but not limited to:

      a. General damages, including, but not limited to, damages for pain, suffering, emotional distress, loss of the familial relationship, comfort, society, affection and support of the Decedent in amounts to be determined according to proof;

      b. Special damages, including, but not limited to, damages for future income and support; burial and funeral expenses and/or related expenses in amounts to be determined according to proof.

      57. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff STRONG incurred damages and injuries including, but not limited to, invasion of privacy, pain, suffering, emotional distress and/or property damage in amounts to be determined according to proof.

      58. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants WORD, GILL, VASS and/or DOES 1-100, and/or each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless

COMPLAINT               18

disregard for the rights of the Decedent and/or Plaintiffs. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

51.   Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Section 1983, 1985-86, 1988 and/or under other statutes and/or laws.

<u>JURY TRIAL DEMAND</u>

52.   Plaintiffs hereby demand a jury trial.

<u>COMPLIANCE WITH TORT CLAIM REQUIREMENT</u>

53.   Plaintiffs are presenting a timely Tort Claim to Defendant CITY OF OAKLAND concerning the subject matter of this action.   Once said Claim has been rejected by Defendant CITY OF OAKLAND, Plaintiffs intend to amend this Complaint to allege pendent state causes of action.

<u>STATEMENT OF INTERESTED PARTIES</u>

54.   Pursuant to Civil L.R. 3-16, the undersigned certify that as of this date, other than the named parties in this action, there is no such interest to report.

<u>PRAYER</u>

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.   General damages in the amount of $10 million dollars or in an amount to be determined according to proof;

2.   Special damages, including but not limited to, past,

present and/or future wage loss, income and support, funeral and burial expenses, property damage and/or other special damages in amounts to be determined according to proof;

    3.   Attorneys' fees pursuant to statutes;

    4.   Costs of suit;

    5.   Punitive and exemplary damages in amounts to be determined according to proof as to Defendants WORD, GILL, VASS and/or DOES 1-100, and/or each of them;

    6.   For prejudgment interest as permitted by law;

    7.   For such other and further relief as the Court may deem just and proper.

DATED: October 13, 2003    _____/s/_____
                          JOHN L. BURRIS
                          Attorney for Plaintiffs

DATED: October 13, 2003    _____/s/_____
                          JAMES B. CHANIN
                          Attorney for Plaintiffs